Complex

**IN THE SUPERIOR COURT OF GUAM**

2013 FEB 21 PM 2: 29

THE PEOPLE OF GUAM,                    )
                                       )     **CRIMINAL CASE NO. CM0669-11**
          vs.                          )
                                       )     **DECISION AND ORDER**
SHAWN PERRY CABRERA,                   )
                                       )
          Defendant.                   )
                                       )
_____)

## INTRODUCTION

This matter came before the Honorable James L. Canto II on the Defendant's second motion to reconsider, filed October 15, 2012. Oral arguments were heard on December 10, 2012. Assistant Attorney General Gabrielle L. Rossi, Esq. appeared on behalf of the Government and Assistant Public Defenders Mikaela J. Silkey Henderson, Esq. and Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving under the influence of alcohol, improper storage of an open container and eluding police officers based upon the following alleged events: On June 7, 2011 at 2:05 a.m., Guam Police Officer John Flores received a call over the police radio to assist with the apprehension of a vehicle that was observed speeding with its lights off at 2:00 a.m. (Testimony of John Flores, Record Log at 4:08, Dec. 10, 2012.) Officer Flores arrived at the scene where other officers had stopped the vehicle at 2:11 a.m., and he observed that Defendant had bloodshot eyes, smelled of alcohol and slurred his speech. *Id.* Defendant repeatedly blurted that he only had eleven (11) beers to drink and refused to participate in standardized field sobriety tests. *Id.* Officer Flores placed Defendant under arrest, put him in handcuffs, and placed him in the back of his patrol vehicle at 2:14 a.m. *Id.* Defendant asserts that he saw a police car with flashing blue lights behind him at 2:00 a.m., and that he continued

to drive for three (3) minutes to his house where he was placed on the ground in handcuffs as soon as he got out of his car. (Declaration of Shawn Cabrera, Mar. 12, 2012.)[1]

On March 12, 2012, Defendant moved to suppress all evidence obtained from the investigative detention because it lasted longer than fifteen (15) minutes, in violation of 8 GCA § 30.30. Defendant posited his initial detention was an unreasonable seizure and that all evidence obtained during or as a result of the seizure must be suppressed. The Government opposed suppression on the basis that Defendant was arrested before fifteen (15) minutes of detention elapsed.

The Court denied suppression on the grounds that probable cause to arrest appeared before fifteen minutes of detention elapsed. (Decision and Order, Jun. 6, 2012.) On July 2, 2012, Defendant filed a motion to reconsider because disputed facts were considered as if they were undisputed. On reconsideration, the Court denied suppression because the disputed facts did not change its probable cause analysis. (Decision and Order, Oct. 2, 2012.) The matter was thereafter reassigned to the Hon. James L. Canto II.

On October 15, 2012, Defendant filed a second motion to reconsider on grounds that material facts remain in dispute. The Government agreed that an evidentiary hearing is necessary pursuant to *People v. Santos*, 1999 Guam 1 ¶¶ 16-25 and further argued the Court's prior probable cause analysis must be applied pursuant to the law of the case doctrine.

## DISCUSSION

**1. Reconsideration and the Law of the Case**

The law of the case doctrine generally precludes a court from reconsidering an issue it has already decided unless: 1) the first decision is clearly erroneous; 2) the law, evidence or other circumstances have changed; or 3) manifest injustice would result. *People v. Hualde*, 1999 Guam 3 ¶ 13. However, the trial court, "always has the power to reexamine, modify,

---

[1] Defendant swore to the truth of this written declaration under penalty of perjury at the Dec. 10, 2012 suppression hearing and the Court shall consider this affidavit as testimony per 6 GCA §§ 4308, 7301 & 7302. *See People of Guam v. Santos*, 1999 Guam 1 ¶ 21.

vacate, correct and reverse its prior rulings and orders," and the, "[l]aw of the case does not ... preclude the court from reconsidering an earlier ruling if the court feels that the ruling was probably erroneous and more harm would be done by adhering to the earlier rule than from the delay incident to a reconsideration and the possible change in the rule of law to be applied." *People v. Gutierrez*, 2005 Guam ¶ 40 n. 7 (*quoting Chun v. Board of Trustees of Employees' Retirement System of State of Hawaii*, 992 P.2d 127, 136 (Hawaii 2000)). Furthermore, "[a] judge may reexamine his earlier ruling (or the ruling of a judge previously assigned to the case ... ) if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." *Id.* (*quoting Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995)).

In this case, the Government asserts the Court cannot reexamine the suppression analysis of the previously assigned judge. The Court does not agree. The law of the case doctrine should not be applied here where new testimony is considered for the first time. Based upon the discussion *infra*, the Court holds a strong and reasonable conviction that the earlier analysis was incorrect. Furthermore, a reexamination of the suppression decision and a rescinded order shall not cause undue harm before trial. *Cf., Avitia*, 49 F.3d at 1227-1228 (prejudice may result without notice of jury instruction). For these reasons, the Court shall grant reconsideration and reexamine the issues Defendant presented by his motion to suppress brought pursuant to 8 GCA § 30.30.

**2. The Stop and Frisk Statutes**

The Fourth Amendment permits brief investigative detentions that are based upon a reasonable suspicion of illegal conduct. *People v. Johnson*, 1997 Guam 9 ¶ 4 (*citing Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968)). This principle is codified in the "Stop and Frisk" statutes at 8 GCA Chapter 30. *See People v. Cundiff*, 2006 Guam 12 ¶ 40.

Title 8 GCA § 30.10 states:

> Whenever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person.

Title 8 GCA § 30.20 states:

> Detention pursuant to § 30.10 shall be for the purpose of ascertaining the identity of the person detained and the circumstances surrounding his presence abroad which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense, but such person shall not be compelled to answer any inquiry of the peace officer.

Title 8 GCA § 30.30 states:

> No person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes. Such detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.

Title 8 GCA § 30.40 states:

> If at any time after the onset of the detention authorized by § 30.10, probable cause for arrest of the person shall appear, the person shall be arrested. If after an inquiry into the circumstances which prompted the detention, no probable cause for the arrest of the person shall appear, he shall be released.

Thus under Guam law, a police officer having a reasonable suspicion regarding criminal activity by a particular individual may detain that person to investigate said suspected criminal activity. 8 GCA §§ 30.10 & 30.20. When this investigative detention reveals probable cause for arrest, "the person shall be arrested." 8 GCA § 30.40. However, "in no event [shall a person be detained] longer than fifteen (15) minutes," and the person "shall be released," if no probable cause for arrest appears. 8 GCA §§ 30.30 and 30.40.

In this case, the parties dispute the application and effect of the 15-minute time limit for investigative detentions. The Government argues that any appearance of probable cause to arrest within 15 minutes removes the need to apply the time limitation. Alternatively, the Government contends that any suppression applies only to evidence obtained after 15 minutes and before arrest. Defendant asserts that if he is not arrested or released within 15 minutes pursuant to the Stop and Frisk statutes, then all evidence from the investigative detention must be suppressed unless it comes from an independent source.

\\\

**3. Violation of the 15-Minute Time Limit**

    a. Meaning of the "Stop and Frisk" Act.

Title 8 GCA Chapter 30 and the 15-minute time limit are derived from former Penal Code Sections 735 through 736.4. *See* 8 GCA § 30.10, COMMENT; Guam Pub. L. 10-99 (June 19, 1969). Former Sections 735 through 736.4 were enacted as original statutes and without any statement of legislative findings or intent. P.L. 10-99. There is an absence of controlling authority to interpret the 15 minute time limit.[2] Without clear legislative intent or authority to the contrary, the Court shall interpret the Stop and Frisk statutes according to their plain meaning. *See Guam Resorts, Inc. v. G.C. Corporation*, 2012 Guam 13 ¶ 7 ("When the plain reading of a statute is 'clear on its face' and yields to an unambiguous definition, we will not look past that plain reading."); *Castino v. G.C. Corp.*, 2010 Guam 3 ¶ 29 ("A plain reading construction is appropriate where the statute lays out specific requirements and indicates exactly what is necessary for compliance without ambiguous terms."); *People v. Lau*, 2007 Guam 4 ¶¶ 11-14.

An examination of the plain language of the 15-minute time limit within the context of 8 GCA Chapter 30 does not reveal ambiguity or absurd and unworkable consequences. *See Sumitomo Const., Co., Ltd. v. Government of Guam*, 2001 Guam 23 ¶ 17; *People v. Flores*, 2004 Guam 18 ¶ 18. The Stop and Frisk statutes state that a person shall be detained, "in no event longer than fifteen (15) minutes." 8 GCA § 30.30. If probable cause to arrest appears, "at any time after the onset of the detention...the person shall be arrested." 8 GCA § 30.40. If probable cause does not appear, "he shall be released." *Id.* This language clearly contemplates

---

[2] For example, Guam law does not explicitly discredit any detention beyond the time limit nor does it conversely hold that the time limit is merely a guide for law enforcement. *Compare Florida v. Royer*, 460, U.S. 491, 500, 103 S.Ct. 1319, 1325 (1983) ("[A]n investigative detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop."), *and U.S. v. Sharpe*, 470 U.S. 675, 686, 105 S.Ct. 1568, 1575 (1985) ("In assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant."), *with U.S. v. Place*, 462 U.S. 696, 709 n.10, 103 S.Ct. 2637, 2646 (1983) ("We understand the desirability of providing law enforcement authorities with a clear rule to guide their conduct. Nevertheless, we question the wisdom of a rigid time limitation.

that any investigative detention must end by arrest or release within 15 minutes. Even where probable cause to arrest appears within 15 minutes of detention, the plain language of 8 GCA § 30.30 does not allow the detention to continue beyond 15 minutes. When a person is detained without arrest for more than 15 minutes, although probable cause to arrest may appear, the Stop and Frisk statutes are violated.

To posit that probable cause arising before the expiration of 15 minutes somehow negates the statute's time limit is to say that an officer may detain an individual indefinitely without an arrest just because probable cause arose within the first 15 minutes. This would be an illogical reading of the statute that subverts its entire purpose, and one which this Court cannot reasonably adopt. The Guam Legislature has apparently narrowed the ability of any officer to graduate an investigative detention according to the demands of a particular situation, as the U.S. Supreme Court might otherwise afford in the absence of an explicit time limit. Based upon the plain meaning of the Stop and Frisk statutes, the Court holds that an investigative detention must cease by arrest or release within 15 minutes of its initiation.[3]

The Government argues that a defendant's voluntary consent to undergo a Standardized Field Sobriety Test vitiates the effect of 8 GCA § 30.30, tolling the 15-minute clock.[4] However, the plain language of the statute is inescapable. It states in pertinent part: "No person shall be detained ... longer than is reasonably necessary to effect the purposes of [Section 30.10], and in no event longer than fifteen (15) minutes. 8 GCA § 30.30 (emphasis added). This unconditional language unequivocally imparts that no circumstance may serve as an exception to the time limit, be it exigency or even an express waiver by the detainee.

---

Such a limit would undermine the equally important need to allow authorities to graduate their responses to the demands of any particular situation.").

[3] The Court recognizes this law's possibly impairing effect upon meaningful law enforcement investigation technique; however, this Court is duty-bound to administer the law as the Legislature intended and may do no more. The only alternative is for the Legislature to re-examine whether the statute indeed withstands an effective application to real-world circumstances within the reasonable balance between individual liberty interests and the Government's law enforcement interests.

[4] *See generally, People v. Santos*, 1999 Guam 1 ¶¶ 33-37; *People v. Chargualaf*, 2001 Guam 1 ¶¶ 14-15

b. Application to the Facts of this Case.

In order to apply this rule to the present case, the Court must further examine the difference between an investigative detention and an arrest. Under Guam law, "a person has been seized under the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Cundiff*, 2006 Guam 12 at ¶ 21 (*quoting United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877 (1980)). An investigative detention under 8 GCA Chapter 30 is consistent with a Fourth Amendment seizure. *See e.g. Cundiff*, 2006 Guam 12 at ¶ 40; *Terry*, 392 U.S. at 16 ("It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). For this reason, an investigative detention occurs when a reasonable person would believe he is not free to leave under the circumstances.

Guam law defines an arrest as, "an actual restraint of the person, or…submission to the custody of the person making the arrest." 8 GCA § 20.10. An officer must announce the arrest pursuant to 8 GCA § 20.25, but the declaration is not an absolute requirement for a lawful arrest based upon probable cause. *Cundiff*, 2006 Guam 12 at ¶¶ 35-36 and 25-26 (*quoting People v. Maddox*, 294 P.2d 6, 9 (Cal. 1956); and *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964)). Any physical restraint that curtails movement constitutes an arrest. *Id*. at ¶¶ 19-20 (*quoting Sibron v. New York*, 392 U.S. 40, 67, 88 S.Ct. 1889 (1968)).[5] Even without physical restraint, a severely intrusive detention may constitute an arrest. *Id*. at ¶¶ 21-22 (*quoting Dunaway v. New York*, 442 U.S. 200, 216, 99 S.Ct. 2248 (1979) (custodial interrogation is an arrest and requires probable cause)).

In this case, Officer Flores arrived at the scene where officers stopped Defendant's vehicle at 2:11 a.m. A traffic stop is "unquestionably a seizure within the meaning of the Fourth Amendment." *People v. Rasauo*, 2011 Guam 1 ¶ 26 (*citing Berkemer v. McCarty*, 468 U.S. 420, 436-439 (1984)). *See also People v. Chargualaf*, 2001 Guam 1 ¶ 17. Under the

---

[5] *Cf. People v. Farata*, 2007 Guam 8 ¶¶ 44-45; *People v. Santos*, 2003 Guam 1 ¶ 51 (police custody ultimately determined by use of physical restraint comparable to formal arrest).

circumstances of a traffic stop, Defendant was detained pursuant to 8 GCA Chapter 30 because he could not reasonably believe that he was free to disregard the police and drive away. *See Mendenhall*, 446 U.S. at 554 (no detention if person can disregard and walk away). Defendant and Officer Flores assert that the police first encountered Defendant on the road at 2:00 a.m. Defendant continued to drive and stopped his vehicle a few minutes later. Defendant was placed in handcuffs in the back of a patrol vehicle at 2:14 a.m., or fourteen (14) minutes after Defendant first saw blue flashing lights and continued to drive. The physical restraint of Defendant's movement constitutes an arrest and the investigatory detention ceased before fifteen (15) minutes elapsed. For this reason, the detention did not violate 8 GCA § 30.30 and Defendant's motion to suppress shall be denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby DENIED.


SO ORDERED this _21ST_ day of February, 2013.



**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**